# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50188 | **DATE** | 12/13/2002 |
| **CASE TITLE** | DE LA FUENTE vs. FPM IPSEN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to disqualify plaintiffs' counsel is denied. Defendants' motion to strike Berumen's declaration is denied. Plaintiffs' motion to begin opt-in notice is granted. Plaintiffs' motion for class certification is denied without prejudice to re-filing after the close of the opt-in period. Plaintiff's proposed notice and consent forms are rejected. The parties are directed to submit the issue of the proper form of the opt-in notice and consent, as well as all other matters related to the notice and consent to the magistrate judge for determination.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | DEC 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2002 DEC 13 PM 3:11 | 12-13-02 date mailed notice | |
| /SEC courtroom deputy's initials | | Date/time received in central Clerk's Office | pw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Luis De La Fuente, Carlos Cruz, John Lucio, Rueben Cruz, Silvino Castaneda, Jose Luis Villareal, David Perez, Jimmy Rocha, and Nestor Quiles, individually, and as putative class representatives for all similarly situated individuals, filed this action against defendants, FPM Ipsen Heat Treating, Inc. ("Ipsen") and Dyna Burr Enterprises, Inc. ("Dyna")[1] (entities alleged to be a common enterprise as defined in 29 U.S.C. § 203 (r)), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq. ("IWPCA") for failure to pay overtime and other wages. Jurisdiction is premised on 29 U.S.C. § 216 (b) for the FLSA claims and 28 U.S.C. § 1367 (a) for the state law claims. Plaintiffs move to begin opt-in notice to all similarly situated employees for the FLSA collective action pursuant to 29 U.S.C. § 216 (b) and seek class certification under Fed. R. Civ. P. 23 for the state law claims. Defendants do not object to treating the FLSA action as a collective action under 29 U.S.C. § 216 (b) (though they do object to plaintiffs' counsel continuing representation of plaintiff as discussed below and therefore object to plaintiffs' counsel sending notice) but they do oppose class certification of the state law claims.

Because defendants do not object to the FLSA collective action, and because plaintiffs' FLSA claims fall within the ambit of collective actions allowed under 29 U.S.C. § 216 (b), plaintiffs' motion to begin opt-in notice is granted. If after discovery, any of the opting-in plaintiffs are found not to be "similarly situated", the court can take remedial action at that time. See O'Brien v. Morse, No. 02 C 50026, 2002 WL 1290392 (N.D. Ill. June 11, 2002) (Reinhard, J.).

Whether to certify a class under Rule 23 for state law wage claims brought pursuant to the court's supplemental jurisdiction in conjunction with an FLSA collective action has produced varying results from the courts (including those in this district) which have considered the issue. E.g. O'Brien v. Encotech Constr. Services, Inc., 203 F.R.D. 346 (N.D. Ill. 2001) (Gottschall, J.) (certifying class); Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2000WL 1774091 (N.D. Ill. Dec. 1, 2000) (Lefkow, J.) (certifying class); Muecke v. A-Reliable Auto Parts & Wreckers, Inc., No. 01 C 2361, 2002 WL 1359411 (N.D. Ill. June, 21, 2002) (Kennelly, J.) (declining to certify class). Looking at the issues presented, the court finds the approach taken in Thiebes v. Wal-Mart Stores, Inc., No. 98-802-KI, 1999 WL 1081357 (D. Or. Dec. 1, 1999) the most appropriate. In Thiebes, the court allowed the FLSA collective action to proceed for notice and discovery purposes but declined Rule 23 certification for state law claims while granting plaintiff leave to re-file a motion for class certification after the close of the opt-in period for the FLSA collective action. Id. at *4. The court stated: "At this time I decline to certify the class for a number of pragmatic reasons. First, I believe it would be difficult to fashion an effective notice to prospective class members that explains their opportunity to opt in to the FSLA collective action as well as their choice to opt out of the class action. Second, it is prudent to defer certifying a class action to see how many employees do, in fact, choose to opt in to the collective action. At that point, I will be best equipped to determine if joinder is impracticable and, thus, whether a class action may be appropriate." Id. The Thiebes court went on to note that after the opt-in had closed it would be in a better position to evaluate if the named plaintiffs were adequate class representatives. Id.

This court shares Thiebes concern about a notice that both calls for a decision whether to opt-in to the collective action and also whether to opt-out of the class action. While some other courts have not been troubled by this, see Ladergaard, 2000 WL 1774091 at * 7; Encotech, 203 F.R.D. at 352, it seems an inherently difficult task to adequately inform the recipient of his choices in a non-confusing manner. Waiting for the opt-in period to close will also provide a better idea whether joinder is impractical.

Defendants also have moved to disqualify plaintiffs' counsel for breach of this court's rules of professional conduct concerning communicating with a party known to be represented by another lawyer without prior consent of the party's attorney. LR 83.54.2 ("Rule 4.2"). The Committee Comment to Rule 4.2 provides that in the case of an organization, the rule prohibits communication concerning the matter in representation with persons in the organization with managerial responsibilities, or whose act or omission may be imputed to the organization, or whose statement may constitute an admission on the part of the organization. Plaintiffs' counsel spoke with an employee of defendants, Apolonio Berumen. Berumen is represented by plaintiffs' counsel in a Title VII matter against defendants. This representation arose prior to this litigation being commenced. (Pl. Memo. Opp. to Disqualification, Exh. E, Berumen Decl. Exh A) The court declines to disqualify plaintiffs' counsel. Berumen retained plaintiffs' counsel to pursue employment related claims against defendant in January, 2002. This is not a case where the attorney-client relationship arose from improper ex parte contacts, see e.g. Hammond v. City of Junction City, Kansas, 167 F. Supp.2d 1271, 1287 (D. Kan. 2001), but rather Berumen's contact with plaintiffs' counsel, according to Berumen's unrebutted declaration of October 15, 2002, is what started this action against defendants as well as the Title VII claim. (Pl. Memo. Opp. to Disqualification, Exh A) Defendants may be unhappy with what Berumen told his, and plaintiffs', lawyers, but disqualification of the lawyers is not a remedy for defendants.

Defendants' motion to disqualify plaintiffs' counsel is denied. Defendants' motion to strike Berumen's declaration is denied. Plaintiffs' motion to begin opt-in notice is granted. Plaintiffs' motion for class certification is denied without prejudice to re-filing after the close of the opt-in period. Plaintiff's proposed notice and consent forms are rejected. The parties are directed to submit the issue of the proper form of the opt-in notice and consent, as well as all other matters related to the notice and consent to the magistrate judge for determination.

---

[1] Defendants assert without contradiction that Ipsen is actually FPM, L.L.C. and Dyna is actually FPM Plating, L.L.C.